COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

SHERRY MARIE SPANGLER

v.   Record No. 2545-96-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
HOLIDAY INN/SKYLINE SWANNANOA, INC.           MARCH 4, 1997
AND
TRIGON ADMINISTRATORS, INC.

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Roger A. Ritchie; Roger Ritchie & Partners,
               P.L.C., on brief), for appellant.

               (Patricia C. Karppi; McGuire, Woods, Battle &
               Boothe, L.L.P., on brief), for appellees.


     Sherry Marie Spangler (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that her psychiatric condition was causally

related to her compensable June 10, 1995 injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.

459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the party prevailing below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, we note that the commission made the following findings:

> We . . . note that there is some evidence of emotional distress following the industrial injury which apparently was triggered by pain from that injury, as well as the resulting disability and perhaps the financial hardship.  However, the claimant's emotional condition did not require treatment until her injuries were exacerbated by the assault at the hands of her boyfriend.  Upon receiving medical treatment for those injuries, she told her treating physician, Dr. Trescot, that she was "losing it," indicating that her emotional condition had deteriorated.  The contested treatment then followed.
>
> We recognize that both Drs. Hoffman and Cianciolo, have reported and testified that the industrial injury was the primary cause of their treatment.  However, their opinions were initially expressed without either having been informed of the altercation with the boyfriend.  Then upon being fully informed of that event, both concluded that, while those injuries contributed to the claimant's psychiatric condition, the primary cause was the industrial injury.  However, we do not find these conclusions persuasive, given the record in this case, as summarized above.  In the final analysis, the claimant did not require psychiatric treatment until she was assaulted and injured by her boyfriend.

- 2 -

The record fully supports these findings.  Based upon Dr. Hoffman's and Dr. Cianciolo's lack of an accurate and complete history from claimant and upon the abundant evidence of claimant's non-work-related psychological stressors, the commission was entitled to reject the opinions of Drs. Hoffman and Cianciolo.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

Based upon this record, we cannot say as a matter of law that the commission erred in finding the opinions of Drs. Hoffman and Cianciolo unpersuasive.  Thus, claimant failed to meet her burden of proving a causal connection between her psychiatric condition and her compensable June 10, 1995 injury by accident.

For the reasons stated, we affirm the commission's decision.

Affirmed.